This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39415

**STATE OF NEW MEXICO ex rel. CHILDREN, YOUTH & FAMILIES DEPARTMENT,**

Petitioner-Appellee,

v.

**TANISHA B.**

Respondent-Appellant,

**IN THE MATTER OF HOLIDAY B.,**

Child.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Grace B. Duran, District Judge**

Children, Youth & Families Department
Mary McQueeney, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Jennifer L. Munson
Las Cruces, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}**     Mother appeals the district court's judgment terminating her parental rights. We issued a notice of proposed summary disposition proposing to affirm, and Mother has responded with a timely memorandum in opposition. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm the district court.

**{2}**     Mother continues to challenge the sufficiency of the evidence to prove that the causes and conditions that led to the abuse and neglect of Child were unlikely to change in the foreseeable future. In order to terminate Mother's parental rights, the Children, Youth & Families Department (CYFD) was required to demonstrate that Child was abused and neglected, and that the causes and conditions of the abuse and neglect were unlikely to change in the foreseeable future despite CYFD's reasonable efforts to assist Mother. *See State ex rel. Child., Youth & Fams. Dep't v. Vanessa C.*, 2000-NMCA-025, ¶ 23, 128 N.M. 701, 997 P.2d 833; *see also* NMSA 1978, § 32A-4-28(B)(2) (2005). "The standard of proof for termination of parental rights is clear and convincing evidence." *Darla D. v. Grace R.*, 2016-NMCA-093, ¶ 36, 382 P.3d 1000. Notwithstanding this demanding standard of proof, we cannot reweigh the evidence or substitute our judgment for that of the district court as to any factual matter. *See In re Termination of Parental Rights of Eventyr J.*, 1995-NMCA-087, ¶¶ 2-3, 120 N.M. 463, 902 P.2d 1066. Our standard of review is whether, viewing the evidence in the manner most favorable to the decision below, the district court could properly determine that clear and convincing evidence was introduced in support of the termination. *Id.*

**{3}**     We first observe that CYFD is not required to do everything possible to assist a parent, nor is it required to make efforts subject to conditions imposed by the parent. This Court has recognized that "[w]hat constitutes reasonable efforts may vary with a number of factors, such as the level of cooperation demonstrated by the parent and the recalcitrance of the problems that render the parent unable to provide adequate parenting."). *State ex rel. Child., Youth & Fams. Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 23, 132 N.M. 299, 47 P.3d 859.

**{4}**     Mother's argument is that CYFD's efforts to assist her in addressing her substance abuse issues were insufficient. *See State of N.M. ex rel. CYFD v. Athena H.*, 2006-NMCA-113, ¶ 9, 140 N.M. 390, 142 P.3d 978 (stating that CYFD is required to "provide reasonable efforts to assist the parent to change the conditions that gave rise to the neglect and abuse, and the district court must consider the results of CYFD's efforts"). Specifically, Mother argues that CYFD failed to make reasonable efforts to enroll her in a more intensive outpatient program to address her substance abuse issues. [MIO 13] However, the record in this case indicates that CYFD made efforts to assist Mother in entering an inpatient drug treatment program and that Mother refused. [MIO 7-8] Moreover, Mother's participation in the other substance abuse aspects of her treatment plan was sporadic. Mother continued to test positive for methamphetamines during her participation in Family Treatment Court, and she was ultimately discharged from the program. [MIO 8] Mother also did not fully comply with random drug screenings. [MIO 8] The record thus indicates that Mother's lack of success with

substance abuse treatment was the result of her failure to meaningfully engage with the services provided and her refusal of additional services, not the inadequacy of the services to meet her particular needs. *See Patricia H.*, 2002-NMCA-061, ¶ 27 ("Mother may have had what she considered to be good faith reasons for her refusal, but CYFD is only required to make reasonable efforts, not efforts subject to conditions unilaterally imposed by the parent."). And, as Mother did not fully participate in the substance abuse treatment provided, her argument that further treatment in the form of an inpatient residential program would have resulted in a different outcome is speculative. *See In re Eventyr J.*, 1995-NMCA-087, ¶ 2 (stating that when CYFD has made reasonable efforts, further efforts are not required).

{5}     For these reasons, we affirm the district court's determination that CYFD's efforts in this matter were reasonable. *See Patricia H.*, 2002-NMCA-061, ¶ 28 (observing that on appeal, the question is not whether CYFD did everything possible, merely whether it satisfied minimum legal requirements). Accordingly, we affirm the judgment terminating Mother's parental rights.

{6}     **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**SHAMMARA H. HENDERSON, Judge**